6

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Suite 200
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
Email: jeaton@kleinlaw.com

Proposed Attorneys for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: <br><br> J & D WILSON AND SONS DAIRY, <br><br> Debtor-in-Possession. | Case No. 14-10588-B-11 <br><br> Chapter 11 <br><br> DC No. KDG-3 <br><br> Date: March 13, 2014 <br> Time: 9:00 a.m. <br> Place: United States Bankruptcy Court <br> 2500 Tulare Street, Fifth Floor <br> Department B, Courtroom 12 <br> Fresno, California <br> Judge: Honorable W. Richard Lee |

**MOTION FOR PRELIMINARY INJUNCTION UNDER 11 U.S.C. § 105 STAYING LITIGATION AGAINST DEBTOR'S GENERAL PARTNERS**

     J & D Wilson and Sons Dairy, a California general partnership, Debtor and Debtor-in-Possession in the above-referenced case ("Debtor"), respectfully moves the court for a *Preliminary Injunction under 11 U.S.C § 105 Staying Litigation against Debtor's General Partners* and represents as follows:

**JURISDICTION AND VENUE**

     1.    The Debtor commenced this Chapter 11 case by filing its Voluntary Petition under Chapter 11 of the Code on February 7, 2014. There is no Chapter 11 trustee and Debtor is also a Debtor-in-Possession.

///

2.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). These matters have been referred to the Court by United States District Court for the Eastern District of California according to General Orders 182 and 223.

3.	Venue is properly in this Court pursuant to 28 U.S.C. § 1409(a).

## LEGAL BASIS FOR MOTION

4.	Under 11 U.S.C. § 105, Debtor seeks an order of the Court staying certain litigation against Debtor's two general partners until Debtor confirms a plan of reorganization.

5.	In the Ninth Circuit, a debtor seeking this type of order must establish its entitlement to a preliminary injunction. Accordingly, the debtor must show:

   a. A reasonable likelihood of reorganization;
   b. The possibility (or probability) of irreparable harm if the injunction is not granted;
   c. That the balance of the hardships favors the Debtor over the creditor;
   d. That any public policy considerations favor the Debtor.

*In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007).

6.	Here, the Debtor can show all of these:

   a. The Debtor's cash flows indicate a confirmable reorganization plan is reasonably likely.
   b. The Debtor will be irreparably harmed if the litigation is not stayed because its two general partners will be forced to defend that litigation instead of focusing on reorganizing the Debtor.
   c. The balance of the hardships tips in favor of the Debtor because the hardship it will suffer—being deprived of its management during a key period in its reorganization—outweighs the harm to the creditor, who will experience a temporary delay in liquidating its claim against the Debtor an Debtor's general partners.

///

  d.  The only relevant public policy considerations indicate the injunction should be granted.

### FACTUAL BASIS FOR MOTION

**A. Debtor's background and business.**

7. Debtor is a general partnership formed on January 1, 2001. The partners of Debtor are James L. Wilson (25%) and Darla Wilson (25%) and Cornelius Vanderham and Eleanor Vanderham as trustees of the Vanderham Family Trust, dated March 17, 1994 (50%). James L. Wilson manages the day-to-day operation of the dairy.

8. Debtor is engaged in a dairy business in Fresno County, California. Debtor's primary assets are real estate, dairy and farming equipment, and livestock. Debtor owns about 3,385 animals including milk cows, dry cows, heifers, and calves.

**B. The state-court litigation against Debtor and its two general partners.**

9. Kasiner Farms sued Debtor, James Wilson, and Cornelius Vanderham in Fresno County in 2012 for breach of contract. That action (Fresno County Superior Court Case No. 12CECG00907) is still pending ("the Lawsuit"). A trial readiness hearing for the Lawsuit is set for March 28, 2014, and trial is set for April 1. Debtor and the partners were represented by the Law Offices of Nathan Ide in that action until it was stayed as to Debtor by Debtor's bankruptcy filing.

10. Kasiner Farm's counsel informed Mr. Ide that it intends to pursue the action against Mr. Wilson and Mr. Vanderham and, if it is successful, attempt to collect on any judgment against their personal assets.

11. Kasiner Farms seeks approximately $80,000 in damages from Debtor and Mr. Wilson and Mr. Cornelius. Debtor and its general partners filed a cross-complaint against Kaisner Farms and its principal for unpaid equipment rent of approximately $156,674.00 that is property of Debtor's estate.

**C. Debtor's prospects for reorganization.**

12. Debtor's Schedules listed assets of about $27 million and liabilities of about $29.5 million. Debtor's 14-week cash-collateral budget indicates Debtor will generate about

1  $700,000 in net cash flow by mid-May.

## POINTS AND AUTHORITIES

### A. Debtor has a reasonable probability of confirming a plan of reorganization.

13. To obtain an order under section 105 staying litigation against a non-debtor, the Debtor must first establish it has a reasonable probability of reorganizing. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1095-96 (9th Cir. 2007) ("In this context, the most relevant "future proceeding" is the debtor's reorganization. Because [Debtor's] claim is ultimately that arbitration would harm its ability to reorganize, it makes sense to require a showing of a "reasonable likelihood of a successful reorganization."). To show this, the debtor need only demonstrate a "meaningful contribut[ion] toward reorganization," which courts have described as "not a high burden." *In re Excel Innovations, Inc.*, 502 F.3d at 1097.

14. Debtor's cash-collateral budget indicates that by mid-May Debtor will have more than enough to pay 503(b)(9) and administrative claims and Debtor will be in a position to quickly propose a feasible reorganization plan. Debtor has been working closely with its secured creditors and has negotiated a cash-collateral usage stipulation with Wells Fargo Bank, its senior secured creditor (as to personal property). While Debtor's current goal is to reorganize and continue to operate its dairy business, a liquidating plan is not outside the realm of possibilities. However, the next several months are a critical time for the Debtor in determining whether an operating or liquidating plan will be pursued. Further, the general partners of Debtor will need to focus their attention on Debtor's Chapter 11 case whether the Chapter 11 plan provides for continued operations or a liquidation of assets.

### B. Debtor will be irreparably harmed if the state court litigation is not stayed.

15. Next, Debtor must establish that it may be irreparably harmed if the injunction is not granted. *In re Excel Innovations, Inc.*, 502 F.3d at 1097. To do so, the debtor may show that the litigation would "interfere with its reorganization or harm creditors." *In re Excel Innovations, Inc.*, 502 F.3d at 1099. This can take the form of "needlessly divert[ing] key employees from the debtor's reorganization effort." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 860 (6th Cir. 1992)

16. Debtor is a general partnership with four general partners, including James and Darla Wilson and Cornelius and Eleanor Vanderham. Debtor's business is generally managed by partner James Wilson, with both Mr. Wilson and Mr. Vanderham being involved in strategic management. If the state court litigation continues, the partners will need to spend extensive amounts of time at the end of March preparing for the trial instead of managing Debtor. This will leave Debtor without effective business management for that time. Additionally, they will be unavailable to work on Debtor's reorganization during that time.

17. Then, the partners will be unavailable to assist with the Chapter 11 case for the duration of the trial, which is scheduled to begin April 1, 2014. Trial will last about five days. Again, Debtor will be without effective management during that time period and neither Mr. Wilson nor Mr. Vanderham will be able to work on Debtor's reorganization.

18. The spring of 2014 is the time that Debtor will be completing its analysis of its ability to reorganize and preparing a Disclosure Statement and Plan.

19. March and April are key months in Debtor's reorganization because much of the net cash that is generated this spring will be necessary to make a confirmable plan feasible. If Debtor is left without management its ability to reorganize will be seriously jeopardized. As in *In re Eagle-Picher Indus., Inc.*, the diversion of Debtor's management to defend themselves in the state-court case constitutes irreparable harm to the Debtor.

**C. The balance of the hardships tips in Debtor's favor.**

20. The third element the Debtor must show is the balance of hardships. *In re Excel Innovations, Inc.*, 502 F.3d at 1097. Again, if the action is not stayed as to Debtor's partners, Debtor will be left without effective management and Debtor's partners will be unable to dedicate the necessary time to the Chapter 11 case during a crucial time period. This will be extremely hard on Debtor.

21. If the action is stayed, the hardship to Kasiner Farms will be a delay in the liquidation of its claim against Debtor and Debtor's partners until after Debtor's plan is confirmed. Debtor's plan will either provide for payment of that claim (in full or in part) or allow the claim to be liquidated after plan confirmation. Accordingly, Kasiner Farms will

suffer a short delay, but will potentially gain a reorganized Debtor and resolution of its claim.

**D. Public policy considerations favor staying the state court litigation.**

22. Public policy favors reorganizations. See eg. *In re Great Nw. Recreation Ctr., Inc.*, 74 B.R. 846, 857 (Bankr. D. Mont. 1987). Here, Debtor needs the attention and concern of its managers to be, at least temporarily, directed at its reorganization rather than their potential personal liability to Kasiner Farms. Although public policy also favors the prompt resolution of disputes, the requested stay will necessarily be short, as Debtor will move quickly to confirm a plan and disclosure statement, which would be delayed if the litigation moves forward.

23. Additionally, principles of judicial economy and comity support staying the state-court litigation. As general partners, Mr. Wilson's and Mr. Vanderham's potential liability flows from Debtor's business, and is inextricably intertwined with Debtor's claims. The parties' claims and cross-claims should be resolved together, rather than proceeding as to the partners and without Debtor. Without a stay as to the partners, the potential of inconsistent judgments arise.

WHEREFORE, Debtor prays that the Court enter an order as follows:

1. Granting the *Motion for Preliminary Injunction under 11 U.S.C § 105 Staying Litigation against Debtor's General Partners*;

2. Issuing a preliminary injunction under 11 U.S.C. § 105 staying Tulare County Superior Court case no. 12CECG00907 - *Kasiner Farms vs J & D Wilson* until Debtor confirms a plan of reorganization or Debtor's case is dismissed; and

3. For such other relief as the Court deems just and proper.

Date: February 27, 2014

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By /s/ Jacob L. Eaton
JACOB L. EATON
Proposed Attorneys for Debtors-in-Possession