```
 1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                          FOR THE COUNTY OF FRESNO

 3                                  ---o0o---

 4   KASINER FARMS, f/k/a KASINER            )
     CONSULTING AND FARM MANAGEMENT; FOUR    ) NO.  12CECG00907
 5   CORNERS CUSTOM FARMING; WEST HILLS      )
     GYPSUM,                                 )
 6                                           )
             Plaintiffs,                     )
 7                                           )
             -vs-                            )
 8                                           )
     J&D WILSON AND SONS DAIRY; JIM          )
 9   WILSON; CORNELIUS VANDERHAM; DOES       )
     1-10,                                   )
10                                           )
             Defendants.                     )
11   _____)

12

13

14                                  ---o0o---

15

16    Fresno, California                               July 3, 2012

17

18           The deposition of CORNELIUS VANDERHAM was taken in

19   the above-entitled matter pursuant to all of the provisions

20   of law pertaining to the taking and use of depositions before

21   Theresa K. Hansen, CSR, with offices at Fresno, California,

22   commencing at the hour of 9:04 a.m. at the law offices of

23   Kevin G. Little, 470 East Herndon, Suite 102, Fresno,

24   California.

25
```

Page 8

1  Exhibit Number 1.
2      A.  If this is the one that names me in the suit.
3      Q.  You might be talking about the complaint that
4  initiated the lawsuit.  This is what's called a notice of
5  deposition.
6      A.  I did not get this, no.
7      Q.  Okay.
8      A.  I only got the one -- one thing that was hand-
9  delivered at the house.
10     Q.  Okay.  Great.  All right.  Well, this notice of
11 deposition simply requires your appearance here today, which
12 obviously you've complied with.  It also requested, on page
13 three, six categories of documents.
14         Do you have any documents that you've brought with
15 you?
16     A.  Pertaining to what?
17     Q.  To this lawsuit.
18     A.  Documents?
19     Q.  Yes, sir.
20     A.  I just have this paper here in front of me, that's
21 all.
22     Q.  I think I've been given a copy of that.  I'll just
23 clarify with your counsel.
24         Are these the only documents that you produced
25 today?

Page 9

1          MR. IDE:  Yeah, those are actually produced in
2  response to questions that you had questioned of Mr. Wilson.
3          MR. LITTLE:  Very well.  And there are no
4  additional documents in response to these six categories
5  today?
6          MR. IDE:  No.  None specifically as to ones I've
7  objected to yesterday, in terms of -- like I said, I don't
8  know what exhibits I'm going to bring to trial.
9          MR. LITTLE:  Very well.  I understand we're still
10 pretty early in the game, but no harm in asking, I'm
11 assuming.
12 BY MR. LITTLE:
13     Q.  All right.  Now, it's my understanding, sir, that
14 you're a partner in J&D Wilson And Sons Dairy.  Is that
15 correct?
16     A.  Yes.
17     Q.  And have you been a partner in that dairy since its
18 inception 12 years ago?
19     A.  Yes.
20     Q.  Okay.  You were characterized yesterday by
21 Mr. Wilson as, more or less, a silent partner in this dairy
22 operation.
23         Would you agree with that assessment?
24     A.  Yes.
25     Q.  Do you have any day-to-day responsibilities as

Page 10

1  pertains to this dairy?
2      A.  No.
3      Q.  Okay.  Do you operate any other dairies?
4      A.  Yes.
5      Q.  Can you identify those?
6      A.  Yeah.  What do you -- what do you --
7      Q.  Just tell me the name.
8      A.  L&J Vanderham.  It's also a partnership.
9      Q.  And that does business out of what location?
10     A.  Riverdale.
11     Q.  Any others?
12     A.  D&V Dairy.
13     Q.  Where is that operated?
14     A.  Tipton.
15     Q.  Tipton.
16     A.  And Dick Vanderham And Sons.
17     Q.  Where does that operate from?
18     A.  Tipton.
19     Q.  How long in total have you been in the dairy
20 business?
21     A.  Myself?  49 years.
22     Q.  There were some written questions that were sent
23 about a month and a half ago in this lawsuit, that's referred
24 to as discovery.
25         Specifically, we asked some written questions and

Page 11

1  we sent in some written requests for documentation.  I
2  noticed that those responses, which I have received from your
3  counsel, were not verified by yourself.
4          Have you answered any discovery questions in this
5  lawsuit?
6      A.  No, I haven't.
7      Q.  Okay.  Let me just address this to your counsel.
8          Is that an issue that's going to be addressed?
9          MR. IDE:  It could be.  I guess I misread your
10 deposition responses.  They weren't addressed to any
11 particular person.  And you just addressed to all defendants,
12 correct?
13         MR. LITTLE:  Right.  Of which he is one.  Right.
14         MR. IDE:  I mean, if you'd like, we can prepare
15 discovery responses, but they're going to be identical to the
16 ones you've already received.
17         MR. LITTLE:  Okay.  Well, that's -- that's fine.
18         MR. IDE:  We can do that, certainly.
19         MR. LITTLE:  You know, just for completeness sake,
20 or if he's just going to verify the ones that we've got to
21 the -- I don't know if he's able to do that, but to the
22 extent that he might --
23         MR. IDE:  He probably can't as to this particular
24 transaction.
25         MR. LITTLE:  Very well.