**9**
DOUGLAS TUCKER, SBN 172550
CHRISTIAN D. JINKERSON, SBN 232143
AMANDA G. HEBESHA, SBN 234214
MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 North Palm Avenue, Suite 205
Fresno, California 93704
Telephone: (559) 472-9922
Facsimile: (559) 472-9892
Email: dtucker@mosstuckerlaw.com;
ijinkerson@mosstuckerlaw.com; ahebesha@mosstuckerlaw.com

Proposed Special Litigation Counsel for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

* * *

| | |
|---|---|
| In re: | Case No.: 14-10588-B-11 |
| J & D WILSON AND SONS DAIRY, | Chapter 11 |
|  | DCN: MTL-1 |
| Debtor-in-Possession. | Date: March 27, 2014<br>Time: 9:00 a.m.<br>Place: United States Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department B, Courtroom 12<br>Fresno, California<br>Judge: Honorable W. Richard Lee |

### APPLICATION FOR AUTHORITY TO EMPLOY MOSS, TUCKER, CHIU, HEBESHA & WARD AS SPECIAL LITIGATION COUNSEL

J & D WILSON AND SONS DAIRY (the "Debtor") respectfully requests authority to employ Moss, Tucker, Chiu, Hebesha & Ward, PC ("Moss Tucker") as its special litigation counsel pursuant to sections 327(a) and 1107 of the Bankruptcy Code, and Rule 2014 of the Federal Rules of Bankruptcy Procedure. In support of this application, the Debtor states the following:

///

MOSS, TUCKER, CHIU,
HEBESHA & WARD PC
5260 N. PALM AVE., # 205
FRESNO, CA 93704

1
**APPLICATION FOR AUTHORITY TO EMPLOY**
**MOSS, TUCKER, CHIU, HEBESHA & WARD AS SPECIAL LITIGATION COUNSEL**

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A). These matters have been referred to the Court by United States District Court for the Eastern District of California according to General Orders 182 and 223.

2. Venue is properly in this judicial district pursuant to 28 U.S.C. § 1409(a).

## II. BACKGROUND

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 7, 2014. The Debtor remains in possession of its assets, and is operating its business pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this case.

4. The Debtor is a general partnership which formed in 2001. The Debtor's general partners are James and Darla Wilson (50%), and Cornelius and Eleanor Vanderham as trustees of the Vanderham Family Trust dated March 17, 1994 (50%). James L. Wilson manages the day-to-day operations of the business.

5. The Debtor is engaged in the dairy business in Riverdale, California. The Debtor's primary assets are real estate, livestock, and business equipment.

6. The Debtor real property is encumbered by a first priority deed of trust in favor of Farm Credit West, and its personal property is encumbered by a perfected security interest in favor of Wells Fargo Bank, N.A.

## II. SCOPE OF SERVICES

7. The Debtor seeks to employ Moss Tucker as its special litigation counsel in this Chapter 11 case effective as of February 7, 2014. The professional services which Moss Tucker will render to the Debtor are generally as follows: to advise and represent the Debtor with respect to contested matters in their main Chapter 11 case, including negotiations and potential and actual litigation involving creditors and other parties in interest; to analyze proofs of claims filed in the case and prosecute claim objections if necessary; and to analyze the Debtor's Chapter 11 plan of reorganization and counsel the Debtor regarding litigation concerning its plan.

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., # 205
FRESNO, CA 93704

8. The Debtor and Moss Tucker have entered a Legal Services Agreement concerning Moss Tucker's representation of the Debtor, a true and correct copy of which is attached as Exhibit "A" to the *Exhibits in Support of Application for Authority to Employ Moss, Tucker, Chiu, Hebesha & Ward as Special Litigation Counsel* (the "*Exhibits*").

9. Moss Tucker received a pre-petition retainer in the amount of $25,000.00. The Debtor was the sole source of the retainer funds. Moss Tucker has not drawn against its retainer. Moss Tucker will hold the balance of $25,000.00 pending the approval and allowance of attorney's fees and costs by the Court. Pending such approval and allowance, Moss Tucker claims a possessory security interest in this money to secure payment of its fees. The Debtor has also agreed that Moss Tucker shall be reimbursed for its expenses incurred in connection with the cases. Moss Tucker understands that all compensation and expense reimbursement is subject to Sections 328, 330 and 331 of the Bankruptcy Code.

**III. ELIGIBILITY, DISINTERESTEDNESS, AND LACK OF ADVERSE INTEREST**

10. The attorneys at Moss Tucker are skilled in the areas of bankruptcy, litigation, and business transactions. Douglas Tucker possesses 20 years of experience in commercial litigation in state and federal court. Mr. Tucker has particular experience with litigation and business transactions in the dairy industry. Christian D. Jinkerson has nearly 10 years of experience in bankruptcy law, having served for two years as a judicial law clerk for a United States Bankruptcy Court Judge, having represented numerous debtors, creditors, and creditors' committees in Chapter 11 bankruptcy proceedings for seven years, and possessing significant knowledge and understanding of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Practice for the U.S. Bankruptcy Court for the Eastern District of California. Amanda G. Hebesha has nearly 10 years of experience in commercial litigation in state and federal court. Ms. Hebesha has particular experience with litigation and business transactions in the dairy industry.

11. Moss Tucker is disinterested as contemplated in section 101(14) of the Bankruptcy Code as follows:

    a. Neither Moss Tucker nor any officer, director, shareholder, associate or

MOSS, TUCKER, CHIU,
HEBESHA & WARD PC
5260 N. PALM AVE., # 205
FRESNO, CA 93704

3

APPLICATION FOR AUTHORITY TO EMPLOY
MOSS, TUCKER, CHIU, HEBESHA & WARD AS SPECIAL LITIGATION COUNSEL

employee of Moss Tucker is a creditor, an equity security holder or an insider of the Debtor.

        b.      Neither Moss Tucker nor any officer, director, shareholder, associate or employee of Moss Tucker was ever a director, officer or employee of the Debtor.

        c.      Neither Moss Tucker nor any officer, director, shareholder, associate or employee of Moss Tucker has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

12.    Moss Tucker has conducted its conflicts and connections review based upon lists of the Debtor's vendors, creditors, employees, and other parties in interest which the Debtor has provided. Moss Tucker represents that it does not hold or represent an interest adverse to the estate, is disinterested, and, with the exception of its representation of the Debtor and prior to the commencement of the case and the matters described below, Moss Tucker has no connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

13.    Specifically, Moss Tucker discloses the following:

    I.    **Connections with the Court.** Moss Tucker has no connections with the court except:

        a.  Michael E. Moss of Moss Tucker was a partner of the Honorable W. Richard Lee at the law firm of Kimble, MacMichael & Upton from 1991 until 2001. Douglas Tucker was associated with that firm from October 1997 until 2001 while the Honorable W. Richard Lee was a partner. One of the partners of Moss Tucker, Christian D. Jinkerson, served as a judicial law clerk to the Honorable W. Richard Lee of the United States Bankruptcy Court for the Eastern District of California from April 4, 2005 until March 31, 2007. In addition, Mr. Jinkerson is a member of the Federal Bar Association, the Central California Bankruptcy Association, and assisted with the planning of the Central California Bankruptcy Institute in 2010, 2011, 2012, and 2013. Moss Tucker has had occasional professional interaction with members of the court in the course and scope of participating in the Federal Bar Association, Central California Bankruptcy Association, and other activities in the legal community.

    II.    **Connections with Office of the United States Trustee.** Other than working with the United States Trustee and person employed by the Office of the United States Trustee ("UST") in connection with this proceeding and other matters unrelated to Debtor, there are no known connections to the United States Trustee, or any person employed by the Office of the United States Trustee except,

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., # 205
FRESNO, CA 93704

    a. *Attorneys for the UST:* Gregory Powell and Robin Tubesing are attorneys for the United States Trustee, Fresno Division. Moss Tucker bankruptcy practitioners are acquainted with Mr. Powell and Ms. Tubesing. Moss Tucker represents clients in Chapter 11 cases, and accordingly interacts with attorneys for the UST in connection with those cases. Mr. Jinkerson worked with Mr. Powell's spouse at the U.S. Small Business Administration, and Mr. Jinkerson's spouse's family is acquainted with Mr. Powell's family.

    b. *Bankruptcy Analysts for the UST:* Lisa Grootendorst and Kristin Wilcox are analysts with the UST. Moss Tucker represents clients in Chapter 11 cases, and accordingly interacts with Ms. Grootendorst and Ms. Wilcox in connection with those cases.

III. **Connections with Other Proposed Professionals of the Debtor.** Other than working with the other proposed professionals of the Debtor in connection with this proceeding and other matters unrelated to the Debtor, there are no known connections to the other professionals except,

    a. *Financial Advisors:* Moss Tucker and members of the firm have worked, and are working, with GlassRatner Advisory & Capital Group, LLC ("GlassRatner"), Debtor's proposed financial advisors, on other matters unrelated to Debtor. GlassRatner and Moss Tucker occasionally refer clients to each other when a client needs the services that the other provides. There is no agreement between GlassRatner and Moss Tucker regarding referrals and no referral fees are paid between GlassRatner and Moss Tucker.

    b. *Accountants:* Moss Tucker and members of the firm have worked, and are working, with Frazer, LLP, ("Frazer") Debtor's proposed accountants, on other matters unrelated to Debtor. Frazer and Moss Tucker occasionally refer clients to each other when a client needs the services that the other provides. There is no agreement between Frazer and Moss Tucker regarding referrals and no referral fees are paid between Frazer and Moss Tucker. Frazer performs accounting services for Moss Tucker which are unrelated to Debtor.

    c. *Bankruptcy Counsel:* Moss Tucker has referred numerous clients to KDG. Moss Tucker referred Debtor to KDG. No referral fee is paid to Moss Tucker for clients referred to KDG by Moss Tucker. Christian Jinkerson is a partner at Moss Tucker. Mr. Jinkerson was employed at KDG for several years. Mr. Jinkerson discontinued his employment at KDG and commenced his employment at Moss Tucker in January 2014. Mr. Jinkerson's change of employment is unrelated to Debtor.

IV. **Connections with Debtor, Insiders, and Affiliates.** Other than working with the Debtor, Insiders, and Affiliates of the Debtor in connection with this proceeding, there are no known connections to the Debtor, Insiders, and Affiliates except,

    a. *Debtor.* The Debtor retained Moss Tucker in February 2014 to serve as special litigation counsel in its Chapter 11 case. Moss Tucker entered into a Legal Services Agreement with the Debtor and the Debtor paid a pre-petition retainer of $25,000, which amount remains in Moss Tucker's trust account.

///

///

b. The Debtor had previously retained Moss Tucker in August 2012 to provide legal representation in connection with negotiating the terms of its credit facilities with Wells Fargo Bank. In the year prior to the filing of the petition, Moss Tucker received a total of $52,852.66 in compensation from the Debtor, of which $26,144.00 was received within the 90 days prior to the filing of the petition. The Debtor was the sole source of the funds. The Debtor paid Moss Tucker's bills in a consistent pattern of between 20 and 50 days on average from the date the bills were mailed out, and all of the payments that were received in the 90 days prior to the petition date were paid according to the Debtor's normal pattern, and were paid in the ordinary course of business. In addition, the Debtor owes no fees or costs to Moss Tucker for any work performed prior to the Petition Date.

c. *Insiders.* Cornelius and Elizabeth "Jane" Vanderham, as trustees' of the Vanderham Family Trust ("Corry" and "Jane" respectively) and James and Darla Wilson are the partners of the Debtor. Corry and Jane are the biological parents of Mrs. Wilson. Corry and Jane are also partners of Dick Vanderham and Sons Dairy ("DVSD") with Richard Vanderham ("Dick"). Dick is the brother of Mrs. Wilson and son of Corry and Jane. Further, Corry, Dick, and Dennis Vanderham ("Dennis") are partners in C.A. Vanderham and Sons Dairy ("CA Vanderham"). Dennis is the brother of Mrs. Wilson and Dick and the son of Corry and Jane. Moss Tucker does not represent any of the individuals described above.

   i. <u>Dick Vanderham and Sons Dairy</u>. DVSD has retained Moss Tucker for counseling with respect to its debtor/creditor problems. DVSD may use Moss Tucker to file for relief under Chapter 11 if it is unable to resolve its debtor/creditor problems outside of bankruptcy. DVSD is not a creditor of Debtor. However, its partners, Corry and Dick, are also partners in CA Vanderham which is a creditor of Debtor. Moss Tucker and Debtor do not believe that this is a disqualifying conflict because DVSD is not a creditor of Debtor and Moss Tucker does not represent any individuals with related to this case.

   ii. <u>C.A. Vanderham and Sons Dairy</u>. CA Vanderham or Corry paid about $3,500,000 in cash to Debtor in 2009. Further, CA Vanderham granted Western Milling a deed of trust against real property owned by CA Vanderham. Therefore, CA Vanderham may be or may become a creditor of Debtor. Moss Tucker does not have a direct connection with CA Vanderham. However, as stated above, Corry is a partner of Debtor and Dick and Corry are partners in CA Vanderham and partners in DVSD and DVSD is a client of Moss Tucker.

   iii. <u>Resource Buyers, LLC</u>. Resources Buyers is a creditor of Debtor. Its members are Dennis, Dick, and Mr. Wilson. Moss Tucker does not represent Resource Buyers or any of its members individually.

   iv. <u>Hidden Valley Cattle, LLC</u>. Hidden Valley Cattle is a creditor of Debtor. Its partners are Dick, Mr. and Mrs. Wilson, Dennis, and Dennis's wife Vonnie Vanderham and son Luke Vanderham. Moss Tucker does not represent Hidden Valley Cattle or any of its members individually.

///
///

MOSS, TUCKER, CHIU, HEBESHA & WARD PC
5260 N. PALM AVE., # 205
FRESNO, CA 93704

V. **Connections with Creditors and Creditors' Attorneys.** Other than working with the creditors of Debtor and their attorneys in connection with this proceeding, Moss Tucker has no known connections to the creditors Debtor or their attorneys except,

    a. *Insider Creditors*. Moss Tucker has connections with the insider creditors discussed above.

    b. *Creditors.* The Debtor's creditors may include entities that Moss Tucker or its attorneys or employees currently uses for unrelated purposes such as personal bank accounts with Wells Fargo Bank and the like.

    c. *Creditor Attorneys Generally*. Moss Tucker has worked with, and in opposition to, attorneys that represent or may creditors in Debtor's case.

14. The Debtor does not believe any of the foregoing connections disqualify Moss Tucker from representation in this case. Moss Tucker's representation of the Debtor in this Chapter 11 case and its connections with the aforesaid entities are "connections" only, and do not create or otherwise give rise to a conflict of interest which would in any manner impair Moss Tucker's independence or ability to objectively provide professional services to the Debtor in this Chapter 11 case, for the following reasons: (a) Moss Tucker would not represent any of the aforesaid entities in any matter relating to the Debtor, except as authorized by the court and each party; and (b) Moss Tucker is unaware of any actual or foreseeable adverse consequences to the Debtor and its bankruptcy estate by virtue of these connections. While Moss Tucker and the Debtor do not believe that Moss Tucker's relationships with the aforesaid entities create or give rise to a conflict of interest in Moss Tucker's representation of the Debtor in this Chapter 11 case, to the extent that they do create or give rise to a conflict of interest, the Debtor has agreed to waive any such conflict of interest, and has asked Moss Tucker to represent it in this Chapter 11 case notwithstanding any such conflict of interest. In the event of an actual dispute between the Debtor and any of the aforesaid entities, Moss Tucker and the Debtor have agreed that Moss Tucker will not represent the Debtor or any of the aforesaid entities against any of the other, and all will engage separate counsel to represent them regarding any such dispute.

///

///

///

## V. TERMS OF EMPLOYMENT

15. The Debtor has agreed that Moss Tucker, subject to this Court's approval, shall be employed and compensated at its standard hourly rates with compensation for services and reimbursement of expenses to be paid pursuant to Sections 328, 330, 331, 503, and 507 of the Bankruptcy Code, the Federal Rule of Bankruptcy Procedure, the Bankruptcy Local Rules, and the United States Trustee Guidelines. The current hourly rates of the attorneys of Moss Tucker who may be staffed on this matter are as follows:

| NAME | RATE PER HOUR |
|---|---|
| Douglas Tucker | $300.00 |
| Christian D. Jinkerson | $275.00 |
| Amanda G. Hebesha | $260.00 |
| Law Clerks/Paralegals/Legal Assistants | $80.00 - $120.00 |

16. Attorneys' fees and other legal professionals' fees will be billed in minimum increments of one-tenth (1/10th) of an hour. Hourly rates are subject to periodic adjustment.

17. The Debtor paid Moss Tucker a pre-petition retainer of $25,000, which amount remains in Moss Tucker's trust account. The Debtor owes no fees or costs to Moss Tucker for any work performed prior to the Petition Date.

18. The Debtor has agreed Moss Tucker shall have the right to move the Bankruptcy Court for an order approving an interim compensation procedure allowing the Debtor to pay its attorneys' fees and costs on a monthly basis, and if such interim compensation procedure is approved by the Court, such fees and costs shall be so paid. In the event that Moss Tucker does not so move the Court or the Court does not approve such an interim compensation procedure, Moss Tucker shall have the right to apply to the United States Bankruptcy Court for additional fees and costs pursuant to the provisions of the Bankruptcy Code, which authorizes applications for such interim compensation to be submitted once every one hundred and twenty (120) days, or more frequently as authorized by the Court. Payment shall be made immediately upon Court approval of such fees and costs.

///

19. The Debtor has also agreed that Moss Tucker shall be reimbursed for its expenses incurred in connection with the cases. Moss Tucker understands that all compensation is subject to Sections 328, 330 and 331 of the Bankruptcy Code.

## VI. CONCLUSION

20. The Debtor believes it is in the best interest that Moss Tucker be employed to provide the services described above and that Moss Tucker be permitted to bill on an hourly basis, subject to the requirements of the Bankruptcy Code for Court approval of professional fees.

**WHEREFORE**, based upon the foregoing, the Debtor requests that the Court enter an order authorizing:

1. The employment of Moss Tucker as its special litigation counsel herein on the terms and conditions set forth above;

2. The employment to be effective as of February 7, 2014; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 7, 2014.   J & D WILSON AND SONS DAIRY, DEBTOR

*/s/ James Wilson*
JAMES WILSON, GENERAL PARTNER

Dated: March 10, 2014.   MOSS, TUCKER, CHIU HEBESHA & WARD PC

By: */s/ Douglas Tucker*
DOUGLAS TUCKER
CHRISTIAN D. JINKERSON
AMANDA G. HEBESHA
Proposed Special Litigation Counsel for
Debtor-in-Possession

12358.02-PLDG-MTL-1 Application