## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTE ORDER

| | | | |
|---|---|---|---|
| **Case Title :** | J & D WILSON AND SONS DAIRY | **Case No :** | 14−10588 − B − 11 |
| | | **Date :** | 3/13/14 |
| | | **Time :** | 09:00 |
| **Matter :** | [41] – Motion/Application for Preliminary Injunction [KDG−3] Filed by Debtor J & D WILSON AND SONS DAIRY (rlos) | | |
| **Judge :** | W. Richard Lee | | |
| **Courtroom Deputy :** | Jennifer Dauer | | |
| **Reporter :** | Wood and Randall | | |
| **Department :** | B | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

CIVIL MINUTE ORDER

The Chapter 11 debtor ("DIP") moves for a preliminary injunction, under §105, staying a state court civil action involving the DIP and two of its non−debtor general partners ("The State Court Action").

IT IS ORDERED that the motion is denied for the reasons set forth below.

The State Court Action is for breach of oral/implied−in−fact contract, and open book account, against the DIP and its two general partners. The defendants filed a cross complaint against the plaintiffs on similar claims and seeking similar damages. The trial date was imminent when this bankruptcy case was filed and the State Court Action has been stayed against the DIP.

It appears that the DIP is really requesting an order from this court that the general partners can lodge in the State Court Action in an effort to extend the automatic stay beyond § 362(a)'s limited scope and stay the trial, and all further proceedings, for the benefit of the non−debtor defendants until after plan confirmation. However, to the extent the DIP is attempting to seek an extension of the automatic stay as to non−debtor entities, the DIP's motion is deficient.

The Ninth Circuit has "consistently held that the automatic stay does not apply to suits against non−debtors." Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.), 502 F.3d 1086, 1905 (9th Cir. 2007). As a result, a party seeking an extension of the stay is actually requesting a new injunction under the court's § 105(a) authority. "Section 105(a) gives the bankruptcy courts the power to stay actions that are not subject to the 11 U.S.C. § 362(a) automatic stay but threaten the integrity of a bankrupt's estate." Id. at 1093 (internal quotation marks omitted). To determine whether to "extend the automatic stay," the Ninth Circuit has held that the "usual preliminary injunction standard applies" because the "usual standard helps to ensure that stays would not be granted lightly." Id. at 1095 96. In the bankruptcy context, this requires the bankruptcy court to consider (1) "whether the debtor has a reasonable likelihood of a successful reorganization," (2) "the relative hardship of the parties," and (3) "any public interest concerns if relevant." Id. at 1096.

The DIP's request is procedurally improper. To the extent the DIP is asking this court to enjoin non−bankruptcy proceedings against non−debtor parties, the DIP cannot proceed by motion in the main bankruptcy case. Bankruptcy Rule 7001 requires an adversary proceeding for "a proceeding to obtain an injunction or other equitable relief." Fed. R. Bankr. P. 7001(7), In re Gledhill, 76 F.3d 1070 (C.A. 10, 1996). In an adversary proceeding the DIP bears the burden of proof of satisfying the elements for injunctive relief,

including jurisdiction.

In conclusion, the court notes from review of the pleadings that there may actually be several reasons to grant relief from the automatic stay to permit prompt resolution of the State Court Action. First, the amounts in controversy are significant, in excess of one–hundred thousand dollars. It appears that the State Court Action is ready for trial and can be litigated to conclusion long before the DIP has to file its plan of reorganization. Second, DIP and the general partners are plaintiffs in the cross–complaint in the State Court Action. The DIP has listed its claim in this cross–complaint as an asset of the estate. The DIP is not bound by the automatic stay in pursuit of that cross complaint and liquidation of that "asset" cannot occur until the State Court Action is litigated. Third, the State Court Action will serve to liquidate a substantial claim against the DIP and its principles. When ruling on plan confirmation, the court must evaluate the possible effect of a large judgment on the feasibility of the plan. It cannot do so until the State Court Action is concluded.

Dated: Mar 13, 2014

_____
W. Richard Lee
United States Bankruptcy Judge

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached Civil Minute Order.

Jacob Eaton
4550 California Ave 2nd Fl
Bakersfield, CA 93309

Rene Lastreto
PO Box 40012
Fresno, CA 93755–0012

Kevin Little
1099 E Champlain Dr #A–124
Fresno, CA 93720

Jessica Mickelsen
2029 Century California East #2600
Los Angeles, CA 90067–3012

John Phillips
246 W Shaw Ave
Fresno, CA 93704–6339

Mark Serlin
700 E Street
Sacramento, CA 95814

Bradley Silva
8050 N Palm Ave #300
Fresno, CA 93711

Robin Tubesing
2500 Tulare St #1401
Fresno, CA 93721

Christian Jinkerson
5260 N. Palm Ave., Ste 205
Fresno, CA 93704