Case 14-10588   Filed 08/28/14   Doc 290

3

JACOB L. EATON, CSB NO. 244834
M. JOSEPH WHITTINGTON, CSB NO. 295516
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Suite 200
Bakersfield, California 93309
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
Email: jeaton@kleinlaw.com, jwhittington@kleinlaw.com

Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>J & D WILSON AND SONS DAIRY,<br><br>        Debtor-in-Possession. | Case No. 14-10588-B-11<br>Chapter 11<br>DC No. UST-1<br><br>Date: September 11, 2014<br>Time: 9:00 a.m.<br>Place: United States Bankruptcy Court<br>       Department B, Courtroom<br>       2500 Tulare Street, Fifth Floor<br>       Fresno, California<br>Judge: Honorable W. Richard Lee |

**OPPOSITION TO UNITED STATES TRUSTEE'S
MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 1112(b)**

TO THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

    J & D Wilson and Sons Dairy, Debtor-in-Possession, ("Debtor") hereby opposes the *United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 1112(b)* filed on August 13, 2014, and represents the following:

    1.    Debtor filed a voluntary petition under Chapter 11 on February 7, 2014. As of the date of the filing of this opposition, Debtor has not filed a disclosure statement or plan of reorganization.

2.  A court may not dismiss a case without cause. 11 U.S.C. § 1112(b)(1). The United States Trustee states that the Debtor's failure to file a plan and disclosure statement constitutes cause for dismissal of Debtor's case. However, delay by a debtor must be both (a) unreasonable and (b) prejudicial to creditors. *See In re AdBrite Corp.*, 290 B.R. 209 (Bankr. S.D. N.Y. 2003). Further, the unique circumstances of each case control whether failure to file a plan is unreasonable delay. *See In re De Jounghe* 334 B.R. 760, 771 (B.A.P. 1st Cir. 2005).

3.  In the case at hand, Debtor's delay in filing a plan is not unreasonable due to the complexity of the case and the complexity of the agreement sought by Wells Fargo Bank.

4.  Debtor's case is complicated with multiple constituencies that need to be negotiated with, including (a) Wells Fargo Bank as operating lender, (b) Farm Credit West as mortgage lender, (c) C.A. Vanderham & Sons Dairy ("CA Vanderham") as landlord and large unsecured creditor, (d) John Deere as a secured equipment lender and lessor, and (e) general unsecured creditors including Western Milling which holds a large unsecured claim that is secured by a deed of trust against real property owned by CA Vanderham, which may give rise to an indemnity claim if CA Vanderham's property is used to pay Western Millings claim. The interplay between these constituencies, possible partial change of ownership of Debtor, unwinding of related party connections, and consideration of tax impacts of the changes add to the complexity of the case. Furthermore, Debtor must seek to restructure more than $26 million in debt through the plan. The time it has taken to formulate a plan is not unreasonable because of the complexity and amount of debt at issue.

5.  Debtor has been working productively and in good faith with creditors including Wells Fargo Bank, Farm Credit West, and CA Vanderham to produce a plan that is both feasible and in the best interests of Debtor and creditors. While these negotiations have not yet produced plan that has been filed, Debtor and these creditors have made substantial progress toward the agreement on a consensual plan. Debtor and Wells Fargo Bank have reached an agreement in concept regarding the terms of a plan except for one covenant. Debtor and Farm Credit West have reached an agreement in concept regarding the terms of a plan except for one point. Debtor has not filed a plan to date because negotiations with these constituencies has

been ongoing and productive, and Debtor did not want to derail negotiations by filing a plan that had not be agreed upon amongst the parties.

6.  Debtor will file a disclosure statement and plan that is confirmable on or before September 3, 2014, whether or not a final agreement with all of Debtor's creditors is reached.

7.  For all of these reasons, Debtor's delay in filing a disclosure statement and plan has not been unreasonable.

8.  No cause exists to dismiss Debtor's case for delay because (a) Debtor's delay has been reasonable under the circumstances, and (b) the United States Trustee has not shown that the debtor's delay has been prejudicial to creditors. Additionally, the United States Trustee has not identified unique circumstances to this case that would allow the Court to grant the motion. Therefore, the United States Trustee has not established that cause exists to dismiss Debtor's case.

## CONCLUSION

WHEREFORE, Debtor prays that:

1.  The Court deny the United States Trustee's Motion to Dismiss; and
2.  For other and further relief to Debtor as the Court deems proper.

Date: August 26, 2014

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By _____
Jacob L. Eaton,
M. Joseph Whittington
Attorneys for Debtors-in-Possession